UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK PHIPPS,

                              Plaintiff,

                -against-                                    20-CV-3368 (LLS)

EXPERIAN,                                                    ORDER TO AMEND

                              Defendant.

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, under the Court's federal question jurisdiction, alleging that Defendant Experian, a consumer reporting agency, violated his rights under the Fair Credit Reporting Act ("FCRA"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts that Experian "intentionally, willfully, and knowingly" violated the FCRA when it "ignored several certified letters to remove fraudulent names, addresses, information, and inquiries" that appeared on his credit report. (ECF No. 1, at 1.)

The following allegations are taken from the complaint, which is not a model of clarity: On November 10, 2017, Plaintiff sent a letter to Experian requesting that it remove "false and negative information" that appeared on his credit report. (*Id.*) He received a report from Experian on November 29, 2017, stating that the information had been removed, but he maintains that Experian "updated name not addresses." (*Id.*) On December 18, 2017, Plaintiff sent another letter to Experian that included his "[driver's] license, social security card, electric bill and Affidavit with name and address." (*Id.*) On January 5, 2018, he received a report from Experian that "still show[ed] false information." (*Id.*)

On February 6, 2020, Plaintiff sent a third letter to Experian, and attached "[p]olice and [i]dentity theft reports" in addition to his driver's license, Social Security card, and affidavit.

(*Id.*) On February 27, 2020, he received a report from Experian that included the "same false and negative information" that he had requested it to remove. (*Id.*) Plaintiff sent a fourth letter on March 13, 2020, "stating false and fraudulent accounts and inquiries," and included an identity theft report and the same identifying information that he included in his previous letters. (*Id.*) In a letter dated March 28, 2020, Experian "acknowledg[ed]" the identity theft report and stated that it had "removed negative accounts" from Plaintiff's report. (*Id.*) Plaintiff asserts, however, that Experian's last report still contained "negative and false accounts" and that "previously removed names and addresses have reappeared with wrong birth date." (*Id.*)

Plaintiff seeks compensatory and punitive damages. (*Id.* at 2.)

## DISCUSSION

Congress enacted the FCRA to ensure that consumer reporting agencies "follow fair and equitable procedures in regard to the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information." 15 U.S.C. § 1681(b). The FCRA therefore imposes a variety of requirements on consumer reporting agencies to verify the accuracy of credit information in general and in response to consumer disputes. *See id.* §§ 1681b–1681p. And it creates a private right of action against consumer reporting agencies for "negligent or willful violation of any duty imposed by the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted) (citing 15 U.S.C. §§ 1681n, 1681o).

Plaintiff's complaint implicates the FCRA's requirements that consumer reporting agencies follow reasonable procedures to assure accuracy in a consumer's credit report, § 1681e(b), investigate disputed information, §§ 1681i(a)(1)(A), 1681i(a)(5)(B), and block any information identified as resulting from identity theft, § 1681c-2(a)(1).

A.     **Accuracy of Information**

The FCRA requires that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's credit report. 15 U.S.C. § 1681e(b). To succeed on claim that a consumer reporting agency failed to follow proper compliance procedures under § 1681e(b), a plaintiff must show that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury.

*Gestetner v. Equifax Info. Servs. LLC*, ECF 1:18-CV-5665, 13, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (emphasis and citations omitted); *see also Anderson v. Experian*, ECF 1:19-CV-8833, 9, 2019 WL 6324179, at *3 (S.D.N.Y. Nov. 26, 2019) (same).

If a consumer notifies a consumer reporting agency of an inaccuracy in the information it reports, the agency must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). If after reinvestigation a consumer reporting agency determines that the disputed information is inaccurate, incomplete, or cannot be verified, the agency must delete or modify the disputed item of information. *Id.* § 1681i(a)(5)(A)(i).

If disputed information is deleted from a consumer's file following reinvestigation, the consumer reporting agency may not reinsert the information "unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i). And if the agency does reinsert any previously deleted information, it must provide notice to the consumer, within five business days, that the information has been reinserted. *Id.* § 1681i(a)(5)(B)(ii)-(iii).

In actions under § 1681e and § 1681i, the threshold question is whether the disputed credit information is inaccurate. *Anderson*, 2019 WL 6324179, at *3; *see also Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary."); *Gestetner*, 2019 WL 1172283, at *2 ("[A] plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate.") (quoting *Jones v. Experian Info. Solutions, Inc*., 982 F. Supp. 2d 268, 272-73 (S.D.N.Y. 2013)).

A plaintiff must therefore identify the specific information on his credit report that is inaccurate and explain why the identified information is inaccurate. *See Magee v. Am. Express*, ECF 1:19-CV-8476, 6, 2019 WL 6030099, at *4 (S.D.N.Y. Nov. 12, 2019) (holding that plaintiff's allegations that "delinquent payments" on his credit report should be removed because of a "mail fraud investigation" were "insufficient to suggest specific information on his reports was inaccurate"); *Gestetner*, 2019 WL 1172283, at *2 (dismissing complaint alleging that credit report "showed erroneous and inaccurate information," without "any explanation as to why" information was false, for failure to state claim under § 1681i and § 1681e(b)).

Here, Plaintiff fails to allege sufficient facts to make the threshold showing that his credit report contained inaccurate information. He asserts that he sent Experian letters requesting that it "remove fraudulent names, addresses, information and inquiries that appear on [his] credit report." (ECF No. 1, at 1.) In response, Experian "updated name not addresses," but subsequent reports still included "false and fraudulent accounts and inquiries." (*Id.*) Plaintiff never identifies the specific names, addresses, accounts, or other information he alleges are inaccurate. Nor does he explain why such information is inaccurate. Absent additional facts explaining why the

disputed information and inquiries are false, Plaintiff has failed to plead an essential element of a claim under § 1681e(b) or § 1681i. *See Gestetner*, 2019 WL 1172283, at *2.

Moreover, Plaintiff does not allege facts indicating that Experian failed to follow reasonable reinvestigation procedures. *See* § 1681i(a)(1)(A); *Jones*, 982 F. Supp. 2d 268, 272. Instead, Plaintiff implies that, on more than one occasion, Experian did reexamine his information, verify its accuracy, and remove inaccurate information, although he disputes its conclusions. (*See* ECF No. 1, at 1) ("[T]he outcome of the investigation by Experian employees was also quite predictable, the employee would incorrectly verify the existence of a continuing debt.").

Plaintiff states that in Experian's March 28, 2020 report, he "noticed previously removed names and addresses have reappeared with wrong birth date." (*Id.*) But the only indication that Experian previously deleted any information from Plaintiff's report is his allegation that in response to his November 10, 2017 letter, Experian "updated name not addresses." (ECF No. 1, at 1) He fails to identify the "name" that was "updated," the "names and addresses" that were later reinserted, and, crucially, whether the information that reappeared was the same information Experian removed in response to his disputes.

### B.     Identity Theft

A consumer reporting agency has a duty to "block the reporting of any information" in a consumer's file that the consumer identifies as resulting from identity theft within four days of the agency receiving from the consumer: (1) proof of the identity of the consumer; (2) a copy of the identity theft report; (3) the identification of the information resulting from the alleged identity theft; and (4) a statement by the consumer affirming that the disputed information does not relate to any transaction by the consumer. 15 U.S.C. § 1681c-2(a). A consumer reporting agency may decline to block or rescind a block under certain circumstances, including if it

determines that the block was based on a material misrepresentation by the consumer. *Id.*
§ 1681c-2(c)(1). If a consumer reporting agency declines a request to block information, it must
notify the consumer within five business days. *Id.* § 1681c-2(c)(2) (referencing
§ 1681i(a)(5)(B)).

Plaintiff alleges that on February 6, 2020, he sent Experian a "[p]olice and [i]dentity theft
report, drivers license, social security card," and affidavit. (ECF No. 1, at 1.) On February 27,
2020, he received a report that and "the same false and negative information remained on my
report without no written veri[fi]cation or permissible purpose given." (*Id.*) On March 13, 2020,
Plaintiff sent another notice to Experian "stating false and fraudulent accounts and inquiries,"
and again included his driver's license, social security card, police and identify theft reports, and
an affidavit. (*Id.*) In a March 28, 2020 report, Experian "acknowledg[ed]" the identity theft and
police reports and stated it had "removed negative accounts," but Plaintiff maintains that the
reports "had [the] same negative and false accounts." (*Id.*)

Plaintiff's allegations appear to suggest that Experian did not comply with the time
frames prescribed by § 1681c-2. But it is also unclear from the complaint whether he provided
Experian with the required information. For example, as is the case with his other allegations,
Plaintiff does not identify the information on his report that he alleges is the result of identity
theft, nor does he plead any of the facts included in the affidavit he sent to Experian.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts
generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its
defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.
2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has
cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FCRA, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Should Plaintiff choose to replead his claims, to the greatest extent possible, he must (1) identify the specific information that Experian reported that he alleges is inaccurate; (2) explain why the information is inaccurate; (3) identify the specific pieces of information that Experian removed and reinserted; (4) plead any facts suggesting Experian failed to follow reasonable procedures in verifying information generally or in response to his inquiries; (5) identify the specific information on his credit report that he alleges is the result of identity theft, and plead facts showing that he provided Experian with the information required under § 1681c-2(a) and that it failed to comply with its duties under the statute. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file an amended petition that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-3368 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    June 15, 2020
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                    **AMENDED
COMPLAINT**

                    **-against-**

_____                    Jury Trial:   ☐ Yes        ☐ No

_____                                   (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

               Street Address _____

               County, City _____

               State & Zip Code _____

               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts:  _____

_____

| What happened to you? |

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____


### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

## V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

_____

_____

Telephone Number            _____

Fax Number *(if you have one)*    _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number               _____