**MEMORANDUM ENDORSEMENT**

20-cv-03368-NSR-PED

<u>Phipps v. Experian,</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/1/2021___

The Minute Entry for the teleconference with Magistrate Judge Davison on July 28, 2021 indicates that the parties were directed to file pre-motion letters on or before August 31, 2021. On August 23, 2021, pro se Plaintiff filed a motion for summary judgment and declaration in support of that motion (ECF Nos. 59 and 60) without leave to do so, in violation of Magistrate Judge Davison's directions and Rule 3(A)(ii) of my Individual Rules of Practice in Civil Cases. Accordingly, Plaintiff's motion for summary judgment is denied without prejudice. The Court construes Plaintiff's filing as a request for leave to file a motion for summary judgment for which the Court waives the promotion conference requirement and grants Plaintiff leave to file.

The Court has also reviewed Defendant's letter motion requesting sanctions in the form of dismissal of this case and, in the alternative, leave to file a motion for summary judgment. (ECF No. 62.) This letter exceeds the page limit set forth in Rule 3(A)(ii) of my Individual Rules of Practice in Civil Cases. Nonetheless, the Court waives the pre-motion conference requirement and grants Defendant leave to file a combined motion for summary judgment and for sanctions.

The schedule for the parties' respective motions is as follows: moving papers shall be served (not filed) on October 4, 2021; opposition papers shall be served (not filed) on November 3, 2021; reply papers shall be served on November 18, 2021. Defendant shall file all motion papers, including Plaintiff's motion papers, on the reply date, November 18, 2021. The parties shall provide the Court with two hard courtesy copies of all motion papers as they are served.

The Clerk of Court is directed to terminate the motions at ECF Nos. 59 and 62 and to mail a copy of this order to pro se Plaintiff at the address on ECF and to show service on the docket.

Dated: September 1, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

RECEIVED AUG 23 2021 U.S.D.C. W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Derrick Phipps

Write the full name of each plaintiff or petitioner.

Case No. 20 cv 03368

-against-

Experian

NOTICE OF MOTION

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that _____ Derrick Phipps
(plaintiff)/or defendant   name of party who is making the motion

requests that the Court:

Grant Summary Judgement under Rule 56 of the Federal Rules of Civil Procedure

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☑ my own declaration, affirmation, or affidavit

☑ the following additional documents: Phipps v. Experian Report # 2448-2517-69 dated 7-29-21
20-cv-03368-NSR Report # 4182-5142-52-5-4-21 exhibit A.

8-23-21
Dated

Derrick Phipps
Signature

Derrick Phipps
Name

_____
Prison Identification # (if incarcerated)

21a Brewster drive   Middletown   N.Y.   10940
Address                City        State   Zip Code

917-557-1505
Telephone Number (if available)

_____
E-mail Address (if available)

United States District Court
Southern District of New York

Phipps
V  20-CV-03368
Experian

RECEIVED AUG 23 2021 U.S.D.C. W.P.

Honorable Judge Roman,

  Congress enacted fair Credit Reporting Act (FCRA) to ensure that consumer reporting agencies "follow fair and equitable procedures in regard to confidentiality, accuracy, relevancy and proper utilization of consumer credit information" 15USC 1681 (b). The FCRA therefore imposes a variety of requirements on consumer reporting agencies to verify the accuracy of credit information in general an in response to consumer disputes. 1681b-1681p and it creates a private of action against consumer reporting agencies for "negligent or willful violation of any duty imposed by the statue" (15 USC 1681).

  FCRA section 602, consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. FCRA section 607-1681-USC B- Accuracy on report, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. FCRA 611-15-USC 1681 A – treatment of inaccuracy or unverifiable information if, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified the consumer reporting agency shall promptly delete that item of information from the file.

  FCRA –611-15-USC- B- Requirements relating to reinsertion of previously deleted material. 1- certification of accuracy of information, if any information is deleted from consumers file pursuant to subparagraph A, the information may not be reinserted in the file unless complete and accurate.

  FCRA –623-15-USC 1681- Responsibilities of furnishers of information. 2- Duty to correct and update information. A person who has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of the determination and provide to the agency, any corrections to that information to make it complete and accurate. The facts are not in dispute. I enclose most recent credit reports dated 5-4-2021 and 7-29-21. After numerous letters over past 4 years, Experian is still reporting 2 different Dates of Birth. See attached exhibits A and B.

- Experian failed to follow reasonable procedures to assure the accuracy of the information.

1

- The consumer reporting agency (Experian) reported inaccurate information about the plaintiff.

- The plaintiff was injured and Experian Negligence proximately caused the plaintiff injury. I ask for Summary Judgment under Rule 56. The court should decide the case without trial. The undisputed facts show that Experian is not entitled to favorable verdict. Punitive damages are most important for violations of the law. By preponderance of the evidence the defendant (Experian) should be held legally responsible for the actual damages and punitive damages sought in summary judgment.

Derrick Phipps
21A Brewster Drive
Middletown, NY 10940

## Who Has Viewed Your Consumer Information (Continued)

COLLECTION BUREAU OF HUD 155 N PLANK RD NEWBURGH NY 12550 (845) 561 6880 INQUIRY DATES: 01.13.20 | 12.11.19 | 11.12.19 |

CREDIT KARMA 760 MARKET ST FL 2 SAN FRANCISCO CA 94102 No phone # available INQUIRY DATES: 01.02.20 | 12.20.19 | 12.13.19 |

CREDIT KARMA No phone # available INQUIRY DATES: 12.13.19 |

UNITED COLLECT BUR INC PO BOX 140190 TOLEDO OH 43614 (800) 876 6729 INQUIRY DATES: 12.05.19 |

CREDIT CORP SOLUTIONS IN 121 W ELECTION RD STE 200 DRAPER UT 84020 (800) 483 2361 INQUIRY DATES: 11.26.19 |

SELIP & STYLIANOU LLP 199 CROSSWAYS PARK DR WOODBURY NY 11797 (516) 364 6006 INQUIRY DATES: 09.13.19 |

SELIP & STYLIANOU LLP 199 CROSSWAYS PARK DR WOODBURY NY 11797 (516) 364 6006 INQUIRY DATES: 09.09.19 |

CONVERGENT OUTSOURCING, 800 SW 39TH ST RENTON WA 98057 (888) 871 2279 INQUIRY DATES: 08.26.19 |

CREDIT CORP SOLUTIONS IN 121 W ELECTION RD STE 200 DRAPER UT 84020 (800) 483 2361 INQUIRY DATES: 08.12.19 |

ALLTRAN FINANCIAL LP 5800 N COURSE DR HOUSTON TX 77072 No phone # available INQUIRY DATES: 07.23.19 |

DATAMYX/TRIPOINT/ALLEVIATE 4 PARK PLZ STE 1400 IRVINE CA 92614 No phone # available INQUIRY DATES: 06.21.19 | 04.18.19 |

CAPITAL ONE PO BOX 30281 SALT LAKE CITY UT 84130 (800) 955 7070 INQUIRY DATES: 06.12.19 |

AXD/OMNI FUND INC 26395 JEFFERSON AVE STE E MURRIETA CA 92562 (888) 682 3863 INQUIRY DATES: 06.11.19 | 04.29.19 |

AXD/OMNI FUND INC No phone # available INQUIRY DATES: 04.29.19 |

# Your Personal Information

The following information is reported by you, your creditors, or other sources — each of which may report your personal information differently. This is why there may be variations of your name, address, Social Security Number, etc.

 Personal information DOES NOT impact your credit score at all.

**NAMES**

| | |
|---|---|
| DERRICK PHIPPS | Name ID #: 6868 |
| DERRICK M PHIPPS | Name ID #: 25174 |
| DERRICK MICHAEL PHIPPS | Name ID #: 2954 |

**ADDRESSES**

| | |
|---|---|
| 21A BREWSTER DR<br>MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-5600<br>Address ID #: 0360853667 Address Type: Single family |
| 21A BREWSTER DR #1<br>MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-5600<br>Address ID #: 0893002560 Address Type: Single family |
| 5857 QUEBEC AVE<br>ANN ARBOR MI 48103-8805 | Geo Code: 0-45500010-161-5600<br>Address ID #: 0408324358 Address Type: Single family |
| 37951 PONDERILLA DR<br>POLSON MT 59860-8112 | Geo Code: 0-94030000-47-5600<br>Address ID #: 0613401909 Address Type: Single family |
| 21 BREWSTER DR APT A<br>MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-0720<br>Address ID #: 0434526922 Address Type: Single family |

**SOCIAL SECURITY NUMBER VARIATIONS**

None

**YEAR OF BIRTH**

1966

**SPOUSE OR CO-APPLICANT**

ANITA

**FORMER OR CURRENT EMPLOYERS**

RETIRED RETIRED; N A N A MIDDLETOWN NY 10941-; DERRICK PHIPPS NY; N Y S OFFICE OF MENTAL NY

## Who Has Viewed Your Consumer Information (Continued)

ASSOCIATED CREDIT SERVIC 115 FLANDERS RD STE 140 WESTBOROUGH MA 01581 (800) 962 9898 **INQUIRY DATES:** 03.11.20 |

EXPERIAN 475 ANTON BLVD COSTA MESA CA 92626 **No phone # available** **INQUIRY DATES:** 02.05.20 |

EXPERIAN PO BOX 9600 ALLEN TX 75013 (800) 311 4769 **INQUIRY DATES:** 02.05.20 | 01.05.17 | 09.26.15 | 08.07.15 | 06.09.15 | 05.17.15 | 04.17.15 | 03.19.15 | 03.18.15 | 03.18.15 |

EXPERIAN 475 ANTON BLVD COSTA MESA CA 92626 **No phone # available** **INQUIRY DATES:** 02.05.20 |

NATIONWIDE CREDIT INC 1225 W WASHINGTON ST STE 301 TEMPE AZ 85281 (480) 586 3913 **INQUIRY DATES:** 01.28.20 |

NATIONWIDE CREDIT INC 1225 W WASHINGTON ST STE 301 TEMPE AZ 85281 (480) 586 3913 **INQUIRY DATES:** 01.28.20 |

EXPERIAN 475 ANTON BLVD COSTA MESA CA 92626 **No phone # available** **INQUIRY DATES:** 01.25.20 |

COLLECTION BUREAU OF HUD 155 N PLANK RD NEWBURGH NY 12550 (845) 561 6880 **INQUIRY DATES:** 01.13.20 | 12.11.19 | 11.12.19 |

CREDIT KARMA 760 MARKET ST FL 2 SAN FRANCISCO CA 94102 **No phone # available** **INQUIRY DATES:** 01.02.20 | 12.20.19 | 12.13.19 |

CREDIT KARMA **No phone # available** **INQUIRY DATES:** 12.13.19 |

UNITED COLLECT BUR INC PO BOX 140190 TOLEDO OH 43614 (800) 876 6729 **INQUIRY DATES:** 12.05.19 |

CREDIT CORP SOLUTIONS IN 121 W ELECTION RD STE 200 DRAPER UT 84020 (800) 483 2361 **INQUIRY DATES:** 11.26.19 |

SELIP & STYLIANOU LLP 199 CROSSWAYS PARK DR WOODBURY NY 11797 (516) 364 6006 **INQUIRY DATES:** 09.13.19 |

SELIP & STYLIANOU LLP 199 CROSSWAYS PARK DR WOODBURY NY 11797 (516) 364 6006 **INQUIRY DATES:** 09.09.19 |

CONVERGENT OUTSOURCING, 800 SW 39TH ST RENTON WA 98057 (888) 871 2279 **INQUIRY DATES:** 08.26.19 |

CREDIT CORP SOLUTIONS IN 121 W ELECTION RD STE 200 DRAPER UT 84020 (800) 483 2361 **INQUIRY DATES:** 08.12.19 |

ALLTRAN FINANCIAL LP 5800 N COURSE DR HOUSTON TX 77072 **No phone # available** **INQUIRY DATES:** 07.23.19 |

DATAMYX/TRIPOINT/ALLEVIATE 4 PARK PLZ STE 1400 IRVINE CA 92614 **No phone # available** **INQUIRY DATES:** 06.21.19 |

CAPITAL ONE PO BOX 30281 SALT LAKE CITY UT 84130 (800) 955 7070 **INQUIRY DATES:** 06.12.19 |

AXD/OMNI FUND INC 26395 JEFFERSON AVE STE E MURRIETA CA 92562 (888) 682 3863 **INQUIRY DATES:** 06.11.19 |

# Your Personal Information

The following information is reported by you, your creditors, or other sources — each of which may report your personal information differently. This is why there may be variations of your name, address, Social Security Number, etc.

 Personal information DOES NOT impact your credit score at all.

### NAMES

| Name | ID |
|---|---|
| DERRICK PHIPPS | Name ID #: 6868 |
| DERRICK M PHIPPS | Name ID #: 25174 |
| DERRICK MICHAEL PHIPPS | Name ID #: 2954 |

### ADDRESSES

| Address | Geo Code / Address ID |
|---|---|
| 21A BREWSTER DR, MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-5600; Address ID #: 0360853667; Address Type: Single family |
| 21A BREWSTER DR #1, MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-5600; Address ID #: 0893002560; Address Type: Single family |
| 5857 QUEBEC AVE, ANN ARBOR MI 48103-8805 | Geo Code: 0-45500010-161-5600; Address ID #: 0408324358; Address Type: Single family |
| 37951 PONDERILLA DR, POLSON MT 59860-6112 | Geo Code: 0-94030000-47-5600; Address ID #: 0613401909; Address Type: Single family |
| 21 BREWSTER DR APT A, MIDDLETOWN NY 10940-6022 | Geo Code: 0-170020-71-0720; Address ID #: 0434526922; Address Type: Single family |

### SOCIAL SECURITY NUMBER VARIATIONS

None

### YEAR OF BIRTH

1965

Derrick Phipps
21a Brewster drive
middletown NY. 10940

FILED
2021 AUG 23 AM 9:3
S.D. OF N.Y.W.P.


U.S.D.C.
W.P.

USM
SDNY

Pro Se Desk
The Hon. Charles L. Brieant Jr
Federal Buildings and Courthouse
300 Quarropas Street
White Plains NY. 10601

20CV-03368

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-7881
jclay@jonesday.com

August 31, 2021

BY ECF

Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     *Phipps v. Experian,* Case No. 7:20-cv-03368-NSR (S.D.N.Y.)

Dear Judge Román:

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this letter in response to Plaintiff Derrick Phipps' Motion for Summary Judgment (the "Motion"). Plaintiff's Motion lacks merit. Plaintiff's grievance over the date of birth on his credit report—which has already been solved—does not constitute information bearing on his credit worthiness. Based on precedent from this Court and the Second Circuit, Plaintiff's claim fails as a matter of law. Given that this is the fourth time Plaintiff has filed an essentially identical "motion for summary judgment" that neither complies with the Court's rules nor demonstrates any basis for relief, the Court should deny the motion without further briefing and should order Plaintiff to refrain from further meritless filings.

In addition, Experian respectfully requests that the Court sanction Plaintiff for his refusal to follow the Court's rules or participate in the process of the lawsuit he filed, most recently by failing to appear for his deposition despite both proper and actual notice of it. Plaintiff's conduct seems connected to whatever change of heart caused him to back out of the settlement agreement the magistrate judge recently helped the parties reach. If Plaintiff wishes to throw away the reasonable settlement that the magistrate judge brokered—where Experian solved Plaintiff's concern even though it does not give rise to a claim under the Fair Credit Reporting Act, and agreed to a nuisance value settlement—that is Plaintiff's prerogative. But he may not flout the Court's rules and the Federal Rules of Civil Procedure by obstructing Experian's efforts to complete discovery (i.e., Plaintiff's deposition) and by refusing to respond to every form of communication. The circumstances here are particularly egregious, because Plaintiff's failure to appear at his deposition was not caused by some extenuating, unforeseeable circumstances. We now know that, at the very same time he should have been testifying at his deposition, Plaintiff was filing the instant Motion with which the Court is now burdened. This is improper.

JONES DAY

Hon. Nelson S. Román
August 31, 2021
Page 2

Finally, the Court should also schedule a pre-motion conference in anticipation of Experian's forthcoming motion for summary judgment. For the reasons explained briefly herein, if the Court does not dismiss the case as a sanction for Plaintiff's bad faith, improper conduct, summary judgment in Experian's favor will be warranted.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on April 2020, stating in his Complaint that he sought $4.5 million dollars (ECF No. 1). On June 15, 2020, the Court *sua sponte* Ordered Plaintiff to amend the complaint, which was vague and unintelligible (ECF No. 2.). After Plaintiff did so, the Court mailed him an information package, which included a Motion guide and a copy of Judge Román's and Judge Davison's practices (ECF No. 7).

At the outset of this case, Experian requested Plaintiff's identifying information so Experian could locate his credit file in a database containing credit information for more than 250 million consumers. Plaintiff refused to supply the requested information (ECF No. 15), and then, when the Court granted Experian a routine extension of time to file its response to Plaintiff's amended complaint, Plaintiff asked the Court to reconsider that order, filed a request for default judgment, and stated that he had filed an ethics complaint against Experian's counsel before the New York State Attorney General[1] (ECF No. 14). Once Experian timely filed its answer to Plaintiff's amended complaint (ECF No. 17), Plaintiff filed a request for "summary judgment" (ECF. No. 18).

The Court denied Plaintiff's summary judgment motion and ordered the parties to jointly file a discovery plan. Plaintiff refused to file a joint plan, instead filed his own discovery plan proposing that discovery be completed on the very same day of his filing, November 6, 2020 (ECF No. 27). Plaintiff's refusal to participate in a joint discovery plan necessitated Experian filing its own proposed discovery plan, which Plaintiff responded to by filing a second request for summary judgment (ECF Nos. 29, 30, 31). On March 30, 2021, the Court issued a discovery plan and scheduling order (ECF No. 38). That scheduling order remains in place, and November 6, 2021 is the deadline to complete all discovery (ECF No. 38).

On May 7, 2021, the Court held a settlement conference where the parties reached an agreement to settle the case for $10,000. The Court discontinued the case on May 9, 2021, based on the parties' agreement (ECF No. 51). In a letter dated May 20, 2021, however, Plaintiff changed his mind, stating that he refused to proceed with the settlement and instead wished to proceed to trial

---

[1] Unsurprisingly, the Attorney General did not issue any sanctions for counsel's ordinary and necessary request.

(ECF No. 52). Shortly thereafter, in a letter dated June 1, 2021, Plaintiff filed his third request for summary judgment (ECF No. 56).

Despite Plaintiff's decision to back out of the agreement the magistrate judge brokered, Experian continued to discuss settlement in a good faith effort to resolve this case. Plaintiff stated that he now demanded the $4.5 million figure stated in his original complaint. Experian rejected Plaintiff's demand and requested mutually convenient dates for his deposition so that discovery could be completed. Despite communicating regularly with Experian's counsel by telephone and email for the entire history of this case, once his $4.5 million demand was rejected Plaintiff began ignoring all forms of communication. This necessitated personally serving Plaintiff with a subpoena to appear at his deposition, so there could be no doubt that Plaintiff had actual notice of his properly scheduled deposition. Plaintiff ignored this subpoena as well, and refused to appear at his deposition.

## RELEVANT FACTUAL BACKGROUND

Plaintiff's claims relate to the reporting of two different birth years: 1965 and 1966. Plaintiff's filed motion falsely states that "[t]he facts are not in dispute" and that "[a]fter numerous letters over past [sic] 4 years, Experian is still reporting 2 different Dates of Birth." On June 16, 2021, the parties attended a second settlement conference, during which Plaintiff stated on the record that 1965 was his correct year of birth. Experian promptly updated the information. As confirmed by Plaintiff's own Exhibit B, Plaintiff's date of birth now correctly reports as 1965.

Based on the prior reporting of his birth year, Plaintiff alleges that Experian violated Section 1681e(b) of the FCRA by failing "to follow reasonable procedures to assure the accuracy of the information."

## ARGUMENT

**A.   The Second Circuit has made clear that reporting inaccurate identifying information such as addresses, phone numbers, and dates of birth is not actionable under the FCRA because such information does not bear on a consumer's creditworthiness.**

Case law makes clear that a claim under Section 1681e(b) of the FCRA is only actionable if a consumer reporting agency fails to maintain reasonable procedures regarding its reporting of information that bears on a consumer's creditworthiness. *See, e.g.*, *Williams-Steele v Trans Union*, 2015 WL 576714, at *2 (S.D.N.Y. Feb. 10, 2015), *affd sub nom*. *Williams-Steele v TransUnion*, 642 Fed Appx 72 (2nd Cir 2016). This is because Section 1681e(b) relates to the preparation of "consumer reports," which the FCRA defines, in relevant part, as the

Case 7:20-cv-03868-NSR-PED Document 68 Filed 09/03/21 Page 14 of 15

Hon. Nelson S. Román
August 31, 2021
Page 4

"communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness ..." *Compare* 15 U.S.C. §§ 1681a(d)(l)with 1681e(b).

For this reason, the Southern District of New York has held, and the Second Circuit has agreed, that the correct reporting of Plaintiff's identifying information has no bearing on Plaintiffs credit worthiness or eligibility for credit, and therefore the alleged inaccuracies are not actionable. *See Id.* at 2; *see also Williams-Steele*, 642 Fed App'x at 73. The Eastern District of New York has also held that the reporting of inaccurate identifying information is not actionable because such information "does not bear on any of the characteristics described in 15 U.S.C. § 1681a(d)(l) – *i.e.*, a consumer's credit worthiness. . . . " *Johnson v. Target Corp.*, 2019 WL 1253467, at *10 (E.D.N.Y. Mar. 13, 2019).

Because Plaintiff is only alleging here that Experian reported inaccurate identifying information, Plaintiff has not and cannot establish a claim against Experian under the FCRA as a matter of law.

**B.     Even if Experian's reporting of Plaintiff's year of birth was actionable, Plaintiff failed to provide Experian with a notice of inaccuracy, which this Court has held is a prerequisite before bringing a claim under the FCRA.**

Plaintiff's claims also fail because Plaintiff did not provide Experian with the FCRA required pre-suit notice of alleged inaccuracy. This Court, like many others, has held that a consumer reporting agency must receive notice of potential inaccuracies before it can be liable under the FCRA. *See Jones v. Experian Info. Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. Nov. 12, 2013); *see also Caltabiano v. BSB Bank & Tr. Co.*, 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005) (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) ("[Neither Equifax nor Trans Union violated the FCRA before they were contacted by Casella...")). Here, Plaintiff has not and cannot allege that he disputed Experian's reporting of the alleged inaccurate year of birth and, for this independently sufficient reason, Plaintiffs claims against Experian also fail under the FCRA.

## CONCLUSION

For these reasons, as well as others not expressly set forth in this letter due to page constraints, Experian respectfully requests that the Court deny Plaintiff's motion for summary judgment, sanction Plaintiff for his failure to appear at his properly noticed deposition and for his continued disregard of the Federal Rules, the Local Rules, and the Court's rules by dismissing the lawsuit with prejudice, or, in the alternative, schedule a pre-motion conference in anticipation of Experian's motion for summary judgment.

JONES DAY

Hon. Nelson S. Román
August 31, 2021
Page 5

                                          Respectfully submitted,

                                          */s/ Juliana S. Clay*

                                          Juliana S. Clay