UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK PHIPPS,

                                    Plaintiff,

          -against-

EXPERIAN INFORMATION SOLUTIONS, LLC,

                                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___09/15/2022___

No. 20 Civ. 3368 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

Presently pending before the Court is Defendant Experian Information Solutions, LLC's motion for summary judgment under Federal Rule of Civil Procedure 56 and motion to compel *pro se* Plaintiff Derrick Phipps to appear for his deposition and for sanctions. (ECF No. 68.) For the following reasons, the Court DENIES Defendant's motions without prejudice with leave to refile in accordance with the Court's Local Rules.

In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a *pro se* litigant unless (1) the court apprises the *pro se* litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994); (2) an opposing party has already provided the *pro se* litigant with the requisite notice, *see Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the *pro se* litigant understands "the nature and consequences of summary judgment", *see M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997). *See Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir. 1999) (holding that the failure of the district court to apprise a *pro se* litigant of the consequences of failing to respond to a motion for summary judgment is a ground for reversal). To fulfill this duty, the United States District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2 on September 23, 1999.

Local Rule 56.2 provides in relevant part that:

> [a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

"The notice referred to in the rule advises the *pro se* litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." *Covello v. Depository Tr. Co.*, 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002). In short, "the focus of both *Vital* and Local Rule 56.2 is that the *pro se* litigant understands 'the consequences of failing to respond to a motion for summary judgment' and receives notice that 'he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" *Id.* (quoting *Vital*, 168 F.3d at 621).

Notwithstanding, this requirement "should not be understood, however, to set down an unyielding rule prohibiting district courts from acting upon motions for summary judgment sought against *pro se* litigants in the absence of explanatory notice." *Sawyer v. Am. Fedn. of Govt. Employees, AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999). "On the contrary, the issue in each case remains whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it." *Id.*

Accordingly, the Second Circuit has recognized exceptions to this obligation when the moving party has provided the *pro se* litigant with the requisite notice through other means, *see Artuz*, 76 F.3d at 486, or when the *pro se* litigant responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of

summary judgment and "the need to set forth all available evidence demonstrating a genuine

dispute over material facts," *Reish*, 119 F.3d at 232. *See Sawyer*, 180 F.3d at 34.

Here, the record shows that Defendant failed to serve on *pro se* Plaintiff the required notice

and statement under Local Rule 56.2. And after reviewing the record, the Court concludes that the

evidence in the record is unclear as to whether *pro se* Plaintiff understood the nature of a summary

judgment motion and his burden in responding to such a motion (*i.e.*, that he must submit evidence

countering the facts asserted by Defendant and raising issues of fact for trial).

To be sure, the record does show that, at best, *pro se* Plaintiff understands the consequences

of a summary judgment motion, particularly because he has previously attempted to file such a

motion in three separate occasions: first in October 2020 (ECF No. 18), then in November 2020

(ECF No. 29), and then in August 2021 (ECF No. 39). (*See also* ECF No. 56 (after rejecting

settlement offer from Defendant, *pro se* Plaintiff stated that "[t]he only remedy is to issue Summary

Judgement [sic] under federal rule 56 asked for in complaint."). Additionally, *pro se* Plaintiff did

prepare and serve a response in opposition to Defendant's motion for summary judgment. (*See*

ECF No. 74; *see also* 75 (duplicate).)

Nonetheless, "in the absence of explicit notice, the mere existence of a response does not

automatically give rise to the inference that a *pro se* litigant understood the nature of a summary

judgment motion." *Sawyer v. Am. Fedn. of Govt. Employees*, *AFL-CIO*, 180 F.3d 31, 35 (2d Cir.

1999). As the Second Circuit previously noted,

> the concerns that we have expressed regarding *pro se* litigants' understanding of
> summary judgment are not extinguished by the mere fact that a *pro se* litigant files
> a response of some sort. Where the proper notice has not been given, the mere fact
> that the *pro se* litigant has made some response to the motion for summary
> judgment is not dispositive where neither his response nor other parts of the record
> reveal that he understood the nature of the summary judgment process.

*Vital*, 168 F.3d at 621.

Further, the Court is also of the view that the record fails to clearly indicate whether *pro se* Plaintiff understood his burden in responding to Defendant's motion for summary judgment. Notably, *pro se* Plaintiff's opposition papers to Defendant's motion for summary judgment not only consists solely of a two-page memorandum of law and 49 pages worth of exhibits without an accompanying supporting declaration, but they also clearly lack the required response to Defendant's statement of undisputed facts under Local Rule 56.1. *Cf. Reish*, 110 F.3d at 232 (holding that the *pro se* plaintiff's submissions, including a 27–page declaration of facts with 104 pages of exhibits, a 40-page memorandum of law, a counterstatement of disputed facts, a cross-motion for summary judgment, and a request for further discovery, showed that he "understood the consequences of a summary judgment motion and the requirements of a successful response.").

And perhaps most tellingly here, the record also shows that *pro se* Plaintiff failed to file a response in opposition to Defendant's motion for sanctions against him[1] for failure to appear at his deposition. This last fact is particularly telling because it clearly shows that *pro se* Plaintiff does not understand that in the event the motion for summary judgment is denied, while his claims may have survived, the motion for sanctions against him as it stands is effectively unopposed.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions for summary judgment and for sanctions against *pro se* Plaintiff without prejudice with leave to re-file in accordance with Local Rule 56.2.

The Court further SETS the following revised motion schedule: (1) Defendant shall serve (not file) its relevant moving papers in conformity with the mandates of Local Rule 56.2 and certify

---

[1] In its briefing, Defendant avers that it only seeks sanctions in the event Plaintiff's claims survive summary judgment. (*see* ECF No. 73 at 4; Reply at 4 n.1.)

to the Court via ECF that they have complied with Local Rule 56.2 on or before October 14, 2022;

(2) *pro se* Plaintiff shall serve (not file) his opposition papers on or before November 14, 2022;

and (3) Defendant shall serve its reply papers on or before November 29, 2022. Defendant shall

further file all motion papers (including *pro se* Plaintiff's) on the reply date: November 29, 2022.

Defendant shall moreover provide the Court with two hard courtesy copies of all motions papers

as they are served, as well as an electronic courtesy copy per this Court's local emergency civil

rules.

      If the *pro se* Plaintiff fails to timely serve an opposition to Defendant's motions, having

been properly placed on notice pursuant to Local Rule 56.2 regarding his burden on summary

judgment, the Court will consider the motions unopposed and will proceed accordingly.

      The Clerk of Court is directed to terminate the motions on ECF Nos. 68 and 69, and to mail

a copy of this order to *pro se* Plaintiff at his address listed on ECF and to show service on the

docket.


Dated:  September 15, 2022          SO ORDERED:
      White Plains, NY

                        NELSON S. ROMÁN
                  United States District Judge